STATIC CONTROL COMPONENTS, INC. v. LEXMARK INTERNATIONAL, INC.                                                                                    Doc. 1
Case 1:06-mc-00021-SJM   Document 1   Filed 11/13/2006   Page 1 of 9
Case 1:05-mc-02025   Document 256-1   Filed 11/09/2006   Page 1 of 9

MC 06-21 E

SUBPOENA IN A CIVIL CASE
Issued by the
# United States District Court
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Static Control Components, Inc.<br>    Plaintiff/Counterclaim Defendant | Civil Action No. 04-CV-84-GFVT<br>Pending in the United States District Court<br>Eastern District of Kentucky<br>Honorable Gregory F. Van Tatenhove |
| v. | |
| Lexmark International, Inc.<br>    Defendant/Counterclaim Plaintiff | |
| v. | |
| Wazana Brothers International, Inc.<br>d/b/a Micro Solutions Enterprises<br>    Counterclaim Defendant | |
| v. | |
| Pendl Companies, Inc.<br>    Counterclaim Defendant | |
| v. | |
| NER Data Products, Inc.<br>    Counterclaim Defendant | |

FILED '06 NOV 13 P1:28 CLERK U.S. DISTRICT COURT

## MOTION TO QUASH SUBPOENA IN A CIVIL CASE

ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services, by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Motion to Quash Subpoena in a Civil Case with respect to the Subpoena served upon it on Friday, November 3, 2006 by Counterclaim Defendant Pendl Companies, Inc. pursuant to Fed. R. Civ. 45(c)(3)(A) of the Federal Rules of Civil Procedure and states as follows:

1.      This civil action involves claims by Plaintiff/Counterclaim Defendant Static Control Components, Inc. ("Static Control") against Defendant/Counterclaim Plaintiff Lexmark International, Inc. ("Lexmark"). Defendant Lexmark has filed Counterclaims against Counterclaim Defendants Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises ("MSE"), Pendl Companies, Inc. ("Pendl") and NER Data Products, Inc. ("NER").

2.      ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services (hereinafter "ERS") is a Pennsylvania corporation located at 380 East Bayfront Parkway, Erie, Pennsylvania 16507. ERS is in the business, among other things, of acquiring and selling used toner cartridges.

3.      ERS is a non-party to this civil action.

4.      On or about December 21, 2005, Defendant/Counterclaim Plaintiff Lexmark served a Subpoena in a Civil Case ("12/21/05 Subpoena") upon non-party ERS commanding a corporate representative of ERS to appear for a deposition and the production of documents and information related to ERS' acquisition and sale of used Lexmark and other manufacturer cartridges, including but not limited to, the identity of the entities from whom it acquired cartridges and to whom it sold cartridges; the number of cartridges acquired and sold; the prices of the cartridges acquired and sold; and, communications between ERS and Lexmark. A true and correct copy of the 12/21/05 Subpoena is attached hereto as Exhibit A.

5.      ERS complied with the 12/21/05 Subpoena served upon it by Lexmark and produced voluminous data electronically and additional data via paper copies. True and correct copies of the following are attached hereto: Fed. R. Civ. 45 Subpoena; Responses of ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services to the Requests for Production

of Documents as Exhibit A; Fed. R. Civ. 45 Subpoena: Supplemental Responses of ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services to the Requests for Production of Documents as Exhibit B; Fed. R. Civ. 45 Subpoena: Second Supplemental Responses of ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services to the Requests for Production of Documents as Exhibit C.

6. In addition, an ERS corporate representative was identified and made available for deposition. On February 21, 2006, Michael J. Welton, the ERS Director of Operations, was deposed at length with counsel for Pendl Companies, as well as for Static Control, Lexmark, and MSE, present.

7. On November 3, 2006, Counterclaim Defendant Pendl caused a second Subpoena in a Civil Case ("11/3/06 Subpoena") to be issued upon ERS, a non-party to this action, again commanding the attendance of an ERS representative with knowledge of the purchase or other acquisition of used Lexmark Laser Toner Cartridges by ERS from any of the 159 entities identified in the subpoena, of any communications between ERS and Lexmark regarding the 159 entities, of any business relationship between ERS and Lexmark, and of any contracts, agreements, understandings, proposals and counterproposals between ERS and Lexmark, and further commanding the production of all documents related to these requests. A true and correct copy of the 11/3/06 Subpoena is attached hereto as Exhibit E.

8. The 11/3/06 Subpoena directs that the production of documents take place in Louisville, Kentucky on November 10, 2006 and that the deposition take place in Erie, Pennsylvania on November 13, 2006. See copy of the 11/3/06 Subpoena attached hereto as Exhibit E.

9. ERS now moves to quash the 11/3/06 Subpoena served upon it by Counterclaim Defendant Pendl on the grounds that Pendl has failed to allow a reasonable time for ERS to comply with the Subpoena; that compliance with the Subpoena would subject ERS, a non-party, to undue burden and expense, that the information sought in the Subpoena is duplicative of the 12/21/05 Subpoena served upon ERS by Lexmark as well as the deposition testimony provided by Mr. Welton, and is, therefore, already available to Pendl; and, that compliance with the document requests would require the disclosure of information which is the subject of a confidentiality agreement between ERS and Lexmark and is, therefore, privileged.

II.   <u>Legal Standard</u>

10. Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in relevant part:

> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i)   fails to allow reasonable time for compliance;
>
> (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv)  subjects a person to undue burden.

F.R.C.P. 45(c)(3)(A).

III.  Grounds to Quash the Subpoenas in a Civil Case

11. Pursuant to Rule 45(c)(3)(A), the Subpoena in a Civil Case served upon ERS by Counterclaim Defendant Pendl should be quashed because:

   a. The Subpoena seeks information that has already been provided to all parties to this action and, therefore, is already available to Pendl (see Affidavit of W. Eidenmuller attached hereto as Exhibit F);

   b. The information, documents and/or summaries of data and information which is the subject of the Subpoena in a Civil Case would place an unreasonable burden and expense upon ERS, a non-party to this action. See Affidavit of William Eidenmuller, IT Manager of ERS, attached hereto as Exhibit C; and

   c. The Subpoena in a Civil Case served upon ERS does not provide a reasonable time for compliance given the breadth of information, documents and/or summaries of data and information requested; and,

   d. The Subpoena requests information, documents and/or summaries of data and information which are subject to a confidentiality agreement between ERS and Lexmark and are, therefore, privileged.

WHEREFORE, ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services respectfully requests this Honorable Court to quash the Subpoena in a Civil Case served upon ERS by Counterclaim Defendant Pendl Companies, Inc. and attached to this Motion as Exhibit E.

Respectfully submitted,

/s/ Lisa Smith Presta
Lisa Smith Presta
Pa Bar ID No. 65527
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7656
FAX (814) 454-4647
lpresta@mijb.com

Attorneys for ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services

sav/987538

Dated: November 9, 2006

SUBPOENA IN A CIVIL CASE
Issued by the
# United States District Court
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Static Control Components, Inc.<br>    Plaintiff/Counterclaim Defendant | Civil Action No. 04-CV-84-GFVT<br>Pending in the United States District Court<br>Eastern District of Kentucky |
| v. | Honorable Gregory F. Van Tatenhove |
| Lexmark International, Inc.<br>    Defendant/Counterclaim Plaintiff | |
| v. | |
| Wazana Brothers International, Inc.<br>d/b/a Micro Solutions Enterprises<br>    Counterclaim Defendant | |
| v. | |
| Pendl Companies, Inc.<br>    Counterclaim Defendant | |
| v. | |
| NER Data Products, Inc.<br>    Counterclaim Defendant | |

## ORDER

AND NOW, to-wit, on this _____ day of November, 2006, upon consideration of the foregoing Motion to Quash Subpoena in a Civil Case filed on behalf of ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services,

IT IS HEREBY ORDERED that the Subpoena in a Civil Case served by Counterclaim Defendant Pendl Companies, Inc. on ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services is hereby quashed.

_____
J.

## CERTIFICATE OF SERVICE

I, Lisa Smith Presta, hereby certify that the foregoing Motion to Quash Subpoena in a Civil Case was served upon counsel of record for Counterclaim Defendant Pendl Companies, Inc. via First-Class United States Mail addressed as follows, this 9th day of November, 2006:

    Joel T. Beres, Esquire
    Stites & Harbison, PLLC
    400 W. Market Street, Suite #1800
    Louisville, KY 40202

    James R. Michels, Esquire
    Stites & Harbison, PLLC
    424 Church Street, Suite 1800
    Nashville, TN 37219

    /s/ Lisa Smith Presta