OAO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC.<br>Plaintiff/Counterclaim Defendant | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| LEXMARK INTERNATIONAL, INC.<br>Defendant/Counterclaim Plaintiff | |
| v. | Civil Action No. 04-cv-84-GFVT<br>Pending in the United States District Court<br>Eastern District of Kentucky<br>Honorable Gregory F. Van Tatenhove |
| WAZANA BROTHERS INTERNATIONAL,<br>INC. d/b/a MICRO SOLUTIONS<br>ENTERPRISES<br>Counterclaim Defendant | |
| v. | |
| PENDL COMPANIES, INC.<br>Counterclaim Defendant | |
| v. | |
| NER DATA PRODUCTS, INC.<br>Counterclaim Defendant | |

TO:     **ERS Imaging Supplies, Inc. d/b/a/**
         **Environmental Reclamation Services**
         380 East Bayfront Parkway
         Erie, Pennsylvania 16507

         Registered Office Address & CEO:
         Terry Daidone
         2101 West 12th Street
         Erie, Pennsylvania 16505

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

Dockets.Justia.com

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. *See* **Exhibit B attached hereto.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hampton Inn Erie-South<br>8050 Old Oliver Road<br>Erie, PA 16509<br>(or other mutually agreeable location) | November 13, 2006, 9:00 a.m. |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: *See* **Exhibit A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Stites & Harbison, PLLC<br>400 West Market Street<br>Suite 1800<br>Louisville, KY 40202-3352 | November 10, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jennifer L. Kovalcik, Counsel for Penn Companies* | November 3, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jennifer Kovalcik, Attorney for Counterclaim Defendant
Stites & Harbison, PLLC, 400 West Market Street, Suite 1800, Louisville, KY 40202-3352
(502) 587-3400

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:_____
       DATE

SIGNATURE OF SERVER:

ADDRESS OF SERVER:

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 45 and directed by the subpoena attached hereto, you are required to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody or control. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

### DEFINITIONS

1.    The terms "ERS," "you," and "yours" mean ERS Imaging Supplies, Inc. d/b/a Environmental Reclamation Services, and its present and former offices, officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf, as well as its current and former domestic and foreign parent entities, subsidiaries, divisions, affiliates and predecessors-in-interest.

2.    The term "Lexmark" means Lexmark International, Inc., and its present and former offices, officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf, as well as its current and former domestic and foreign parent entities, subsidiaries, divisions, affiliates and predecessors-in-interest.

3.    The term "Lexmark Laser Printer" means any laser printer manufactured and/or sold by Lexmark (or by approved resellers who sell these printers under their brands) since 1997 for which Lexmark or approved resellers have marketed, market, or intend to market Lexmark Laser Toner Cartridges (defined below), including without limitation these Lexmark laser printer models: the e220; e320/e322; e321/e323; Optra Se; Optra T Series; T420; T520/T522; T620/T622; and T630/632/634.

4.      The term "Lexmark Laser Toner Cartridge" means any laser printer cartridge

manufactured, remanufactured, developed, sold, offered for sell, or imported by or on behalf of

Lexmark (or by approved resellers who sell these cartridges under their brands) since 1997 for

use in Lexmark Laser Printers (defined above) – including without limitation these Lexmark

laser printer models: the e220; e320/e322; e321/e323; Optra Se; Optra T Series; T420;

T520/T522; T620/T622; and T630/632/634634 – whether sold as Prebate or non-Prebate

cartridges, as new or remanufactured, and whether sold separately from Lexmark Laser Printers

or with Lexmark Laser Printers.

5.      The term "Prebate" means any sales program or marketing whereby Lexmark

attempts to require its customers or purchasers to return empty toner cartridges only to Lexmark

for remanufacturing and/or recycling.  Nothing in this definition constitutes an admission by

SCC as to the validity, application, and/or legality of the Prebate program.  The term "Prebate"

incorporates subsequent programs initiated by Lexmark that may be called "Return" or "Use and

Return" programs during the relevant time period.

6.      The terms "document" or "documents" mean anything which would be a

"writing" or "recording" as defined in Rule 1001(1) of the Federal Rules of Evidence or a

"document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including, without

limitation, every original (and every copy of any original or copy which differs in any way from

any original because of notations thereon or attachments thereto or otherwise) of every writing or

recording of every kind of description, whether handwritten, typed, drawn, sketched, printed or

recorded by any physical, mechanical, electronic or electrical means whatsoever, including

without limitation, memoranda, correspondence, electronic mail, electronic data compilations,

notes, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications,

blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or

engineering reports, notebooks, worksheets, reports, lists, analyses, summaries, ledger accounts,

audits, inventories, tax returns, financial statements, profit and loss statements, cash flow

statements, balance sheets, annual or other periodic reports, prospectuses, registration,

solicitations, minutes, appointment books, diaries, telephone bills and toll call records, expense

reports, commission statements, itineraries, agenda, payroll records, checkbooks, canceled

checks, receipts, contracts, agreements, instrument assignments, applications, offers,

acceptances, proposals, financing statements, documents of title, appraisals, purchase orders,

invoices, bills of lading, written memorials of oral communications, forecasts, photographs,

photographic slides or negatives, films, filmstrips, x-rays, video or audio tapes and recordings.

7.    The terms "thing" or "things" mean any tangible item, and shall be construed as

broadly as possible under the Federal Rules of Civil Procedure.

8.    The terms "communication" or "communications" mean any writing, or oral

conversation, including, but not limited to, telephone conversations and meetings, Internet

conferences, teleconferences, letters, e-mails, facsimiles, telegraph communications, and telex

communications.

9.    The term "referring or relating to" means containing, alluding to, responding to,

concerning, connected with, commenting on, in respect of, about, regarding, discussing,

evidencing, showing, describing, reflecting, analyzing and/or constituting.

10.    "And," "or" as well as "and/or" shall be construed disjunctively or conjunctively,

as necessary in order to bring within the scope of the request all responses which otherwise

might be construed to be outside its scope.

11.    The use of the singular form of any word shall include the plural, and the use of the plural form of any word shall include the singular, as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

12.    The term "any" shall be read to mean each and every, as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

## INSTRUCTIONS

1.    In producing documents and things responsive to these requests, you shall furnish all documents and things within your possession, custody or control, as they are kept in the ordinary course of business or they shall be organized and labeled to correspond with the document requests to which they are responsive.

2.    Should you come into possession, custody or control of responsive documents or things after the initial production, you should supplement the production by promptly producing such documents and things.

3.    If the attorney-client privilege or work product immunity is asserted as to any document or thing, or if any document or thing is not produced in full, produce the document or thing to the extent the request for production is not objected to, and, in so doing, state the following:

(a)    the specific ground(s) for not producing the document or thing in full;

(b)    the basis for such a claim of privilege or immunity and the facts supporting that basis; and

(c)    fully identify the information or material contained within the document or thing for which such privilege or immunity is asserted, including as applicable, the name of any

document or thing; its date; the name, address and job title of each author or other person involved in its preparation, each addressee and each person to whom a copy of the document or thing has been sent or received; and the general nature of the document or thing (e.g., memoranda, letter).

4.     If you maintain that any document or thing requested has been lost, discarded, destroyed or are otherwise not available for production, identify the document as specifically as possible, including at minimum, what requested information was contained therein, the date of its destruction, the name of the person(s) who authorized or were otherwise involved in its destruction, the manner of its destruction, the reasons for its destruction, and an identification including at least the name, position, and address of any person that may have a partial or complete copy of the document or thing.

5.     Where an objection is made to a request, state all grounds upon which your objection is based.

6.     If, after exercising due diligence, you are unable to determine the existence of any documents or things falling within a specific request, you shall so state in your written response.

7.     You shall produce all documents and things that are known to you or which can be located or discovered by you through diligent effort on the part of you, your employees, representatives, attorneys, accountants or other agents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    All documents and things referring or relating to the purchase or other acquisition of used Lexmark Laser Toner Cartridges by ERS from any entity identified in Exhibit C.

**REQUEST NO. 2:**    All documents referring or relating to any communication between ERS and Lexmark regarding any entity identified in Exhibit C.

**REQUEST NO. 3:**    All documents referring or relating to any business relationship between ERS and Lexmark.

**REQUEST NO. 4:**    All documents and things relating to contracts, agreements, understandings, proposals, and counterproposals between ERS and Lexmark.

## EXHIBIT B

The definitions in Exhibit A are incorporated herein by reference.

**Deposition Topic No. 1:**    The purchase or other acquisition of used Lexmark Laser Toner Cartridges by ERS from any entity identified in Exhibit C.

**Deposition Topic No. 2:**    Any communication between ERS and Lexmark regarding any entity identified in Exhibit C.

**Deposition Topic No. 3:**    Ay business relationship between ERS and Lexmark.

**Deposition Topic No. 4:**    Contracts, agreements, understandings, proposals, and counterproposals between ERS and Lexmark.

## EXHIBIT C

1.    A Womans Place

2.    ACS

3.    Aero-cep

4.    AK Steel

5.    ALFA Laval/Tri-CIover

6.    Allegheny Valley Bank

7.    Anderson Laboratories

8.    Anderson Law Firm

9.    Arrows Hockey

10.    Ash Grove Texas LP

11.    Associated Bank Minnesota

12.    Atlantic Fasteners

13.    BAE

14.    BB Marks Designs

15.    BBA Aviation Shared Services Inc.

16.    Belden Wire & Cable

17.    Blue Cross and Blue Shield of MA

18.    Bonded Messenger Service

19.    Bonneville & Son

20.    Brite Wholesale Electric Supply, Inc.

21.    Brylane

22.    Carluccio, Leone, Dimon, Doyle & Sacks, LLC

23.    Carr Lane Manufacturing Co.

24. CAWR

25. Cedar American Rail Holdings, Inc.

26. Celestica, Inc.

27. Cendant Mobility

28. Chaney-Monge

29. Charrua Janitorial Services

30. Chris Talarico & Associates

31. Client Instant Access, LLC

32. Combined Services LLC

33. Comex Tequendama

34. Computershare Investor Services

35. County Acres

36. Crowley Liner Services, Inc.

37. Cryovac, inc.

38. Dancers Workshop

39. Data-Mail Inc.

40. Deluxe Ribbons

41. Democrat and Chronicle

42. Democrat and Chronicle 2

43. Deutsch, Levy & Engel

44. DHX - Ocean Air Forwarders

45. Dimensions

46. Doc Graham's Office

47. Dynamic Mail Solutions, Inc.

48. Erdman Anthony & Associated

49.    ESS Laboratory

50.    Everbank

51.    Express Service Ins. Agency

52.    Fabius-Pompey APTS

53.    Faces

54.    Fairchild Semiconductor

55.    Ferro Labella and Zucker

56.    Finger Hut

57.    First National Bank in Green Forest

58.    First National Bank of Jeffersonville

59.    First National Bank of Marengo

60.    Forward Air for Camp Creek

61.    Friendly Ice Cream

62.    General Casualty Insurance Company

63.    Gerrity's Supermarket

64.    G-Five

65.    Hardy, Wolf & Downing, P.A.

66.    Hayden Steel Erectors Co.

67.    Haylor, Freyer & Coon Inc.

68.    Homemakers Furniture

69.    Imation DOC #1

70.    Imperial Data

71.    Jeff Lematta Insurance

72.    Johnson Diversity Inc.

73.    Kansas Bank Note Company

74.    Kids Castle

75.    Kinston Medical Specialists

76.    Korum Automotive Group, Inc.

77.    La Senoritas

78.    Lackawanna Valley Dermatology Assoc. Ltd.

79.    Laurito Appraisal Services

80.    Lights, Camera Interaction

81.    Little Ceasar Enterprises Inc.

82.    LJT Enterprises

83.    Louis and Clark Drug

84.    Lozier Corporation

85.    Lufthansa Airlines

86.    Mackenzie Hughes LLP

87.    Mail-Well Envelope

88.    MAL Dunn Associates

89.    Manito Inc.

90.    MAPS, Inc.

91.    Marshfield Office Supply

92.    Mattel, Inc.

93.    Mid-Atlantic Corporate FCU

94.    Mid-City Columbia Inc.

95.    Midwest Dynamics of Kansas

96.    Miken Specialties Ltd.

97.    Missouri Farm Bureau

98.    Monoflo International Inc.

99.    Moore Wallace Printing

100.   Mower Services

101.   Much Shelist, Freed, Deninberg, Ament Rubenstein

102.   MVP Health Plan

103.   Nathan Sommers Lipmann Jacobs & Gorman

104.   National Bank Coxsacki

105.   Niemann Foods, Inc.

106.   Nippon Express

107.   NOC Industries Inc.

108.   North Star Mutual Insurance Co.

109.   Northbay Bancorp

110.   Northrop Grumman Ship Systems

111.   Northwest Bank of Rockford

112.   Novare Management, LLC

113.   Nucor Yamoto Steel

114.   Patches Playmates, Inc.

115.   PC Network Consulting Incorporated

116.   Penekec

117.   Personnel Decisions International

118.   Postnet Louisville Co.

119.   Powers,Chapman,Deagostino, Meyers & Milia

120.   Presidential Inaugural Conference

121.   Prosar

122.   Publications International Limited

123.   Quest for Success LLC

124.    Red Cliff Realty Management

125.    Residential Resources Association

126.    Richard's Supply Company

127.    Rick Hendrick Imports

128.    Rodimedi & Associates

129.    Rush Order Inc.

130.    Sakurambo Institute of Martial Arts

131.    Scrip Pharmacy Solutions/A Mim Company

132.    SDRC

133.    Seder Foods

134.    Sencom Tital

135.    Shattuck Hammond Partners

136.    Sheetz

137.    Shenandoah Area RSVP

138.    Silouette Optical

139.    Southern Band

140.    Southern Company

141.    Soutwest Cyberport

142.    SS. Colman-John Newmann

143.    Standard Microsystems Corporation

144.    Starcut Sales, Inc.

145.    Stevens Group

146.    Summer Outdoor Adverture Club LLC

147.    Sure Payroll

148.    Texas ENT Specialists

149.    The Bank of the Pacific

150.    The Gluckshaw Group

151.    Toddler Tech Inc.

152.    Town & Country Chrylser Jeep

153.    Tribune Company

154.    Venture Crew 610

155.    Virginia Marble Manufactures, Inc.

156.    VRT Enterprises, Inc.

157.    Whiting-Turner Contracting Company

158.    Willey, Inc.

159.    Wood-to-Wonderful